*733 OPINION.
Aenold :
The deficiencies and penalties herein were asserted against petitioner under the provisions of section 311 of the Eevenue Acts of 1934 and 1936. That section imposed no new obligation upon a transferee. It merely permitted the Government to collect by summary proceeding against the transferee the liabilities that existed in law or equity. Phillips v. Commissioner, 283 U. S. 589. The nature and extent of a transferee’s liability must be determined by the settled principles of the common law or the Federal or local statutes. Commissioner v. Southern Bell Telephone & Telegraph Co., 102 Fed. (2d) 397, 401; A. H. Graves, 12 B. T. A. 124, 130.
The Board has refused in a number of cases to impose a transferee liability where property has been transferred for a limited purpose, such as representing another stockholder at meetings of stockholders and directors of the taxpayer corporation and receiving assets on dis *734 solution, Kizzie Gordon, 27 B. T. A. 377, 384; John Robert Brewer, 17 B. T. A. 713, 717; or voting stock where naked legal title was in one party but the equitable owner had the right and did direct how stock should be voted, Commissioner v. Southern Bell Telephone & Telegraph Co., supra; or taking title as trustee but not for own benefit, Nathan Rolnick, 20 B. T. A. 989; or petitioner acted merely as agent in liquidation of taxpayer, Ezra Gould, 21 B. T. A. 824; or where valuable consideration was given, Mrs. U. H. Butler, 24 B. T. A. 506; or where property is transferred in name only and the transferee acquires no property interest therein, R. E. Burdick, 24 B. T. A. 1297, 1303.
Furthermore, the Board and the courts have refused to enforce transferee liability where the obligation discharged constituted valid prior liens, Union Guardian Trust Co., 41 B. T. A. 1306; Commissioner v. Southern Bell Telephone & Telegraph Co., supra. In the latter case the court stated, p. 401: “The following prerequisites must be present before a transferee liability becomes fixed. The transfer of assets must be made after the liability accrues and the transferor must have been liable for the debt and the transferee must have obtained the property under such circumstances as would make him liable either in law or equity.”
Here the petitioner received title to Rosser’s interest in name only, and this interest was converted by the sale into a purchase money note secured by mortgages. Although the latter instruments were executed in petitioner’s name, the evidence is positive that she derived no benefit whatsoever, either from the original assignment, or from the sale. Neither has she derived any benefit from payments on the secured note, as the mortgagor testified that all payments on the note were made directly to George F. Vanderveer. The evidence shows that all transactions, the original assignment, the sale, and the subsequent assignments, have been for the sole benefit of Albert E. Rosser. Petitioner has been merely a conduit and has never acquired a beneficial ownership of the property involved. At the hearing petitioner specifically disclaimed any interest, legal or equitable, at any time in the property or the proceeds from the sale. Certainly the things done subsequent to Rosser’s assignment to her reveal no actions on her part contradictory to her testimony.
Moreover, we are not convinced that any personal liability could be asserted against the petitioner on the theory that she held the property as a fiduciary. All of the foregoing events, except the payments on the purchase money note, transpired before the respondent determined and assessed the additional taxes. The Government’s lien for taxes “arises only if there has been an assessment plus notice and demand. It relates back from the time of notice and demand to the time when the assessment list was received by the collector, and it *735 attaches upon such property as the taxpayer has at the time the lien arises, that is at the time of notice and demand, United States v. Pacific Railroad, 1 Fed. 97, and, of course, to all the property that the tax debtor subsequently acquires.” A. H. Graves, supra, p. 133.
Under the facts herein the Federal Government’s lien did not attach prior to the time the assessments were made on December 21, 1938. By that time petitioner had already assigned whatever interest she had in the note and mortgages to George F. Vanderveer. It does not appear from the respondent’s evidence that any assignment was made to or by petitioner with knowledge of any claim by the Federal Government for additional taxes. In the absence of such knowledge it can not be said that petitioner took property, or assigned property impressed with a trust for the benefit of creditors. No interest in the property remained in petitioner after the assignment to Vanderveer, who may or may not have taken it with knowledge of the Government’s claims. No reason appears why this petitioner should be held personally liable for the taxpayer’s debts under the circumstances herein, or under the provisions of sections 3466 or 3467, Revised Statutes, Livingston v. Becker, 40 Fed. (2d) 673; Irving Trust Co., 36 B. T. A. 146. Cf. Phipps v. Sedgwick, 95 U. S. 3; Trust Co. v. Sedgwick, 97 U. S. 304. In view of the foregoing it is our opinion that petitioner is not liable as a transferee within the meaning of section 311 of the Revenue Acts of 1934 and 1936.

Decision will be entered for the petitioner.